Laws, S.B. No. 35, 17, 18, 84, 206, 259, 278, § A effective September 28, 1985. In general, the amendment eliminates the prohibition against the testimony of a survivor and in the event such testimony is admitted, it makes relevant declarations of the decedent also admissible. See, § 491.010, RSMo Supp.1985.

Upon direct examination, the claimant's wife testified as outlined above. During cross-examination, she again said she gave the checks to her brother. She was then asked, "I see. The alleged loan that you're talking about there then, you made—you gave to your brother in the form of these checks?" She answered, "That's right." The personal representative then moved to strike all testimony of the wife because that testimony was barred by former § 491.010. The basis stated for the objection was that the answer referred to established that she made the loan and was in fact the claimant. Considering all of the testimony, the trial court did not so interpret that answer. Neither does this court. The trial court did not err in overruling the objection as stated. The judgment is affirmed.

PREWITT, C.J., CROW, P.J., and FLANIGAN, J., concur.

R—— H—— W——, Respondent,

v.

P—— W—— W——, Appellant.

No. 49919.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 14, 1986.

Susan K. Roach, St. Louis, for appellant.

Nancy L. Sido, Clayton, for respondent.

## ORDER

PER CURIAM:

Direct appeal from a judgment terminating parental rights of the natural mother.

Judgment affirmed. Rule 84.16(b).

Joyce DEMENT and Lloyd
Dement, Respondents,

v.

The CITY OF BONNE TERRE, A
Municipal Corporation, Appellant.

No. 49891.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 14, 1986.

Charles G. Hyler, Private Atty., Farmington, for appellant.

Robert G. Kister, Private Atty., Festus, for respondent.

## ORDER

PER CURIAM:

Direct appeal from judgment awarding damages for personal injury.

Judgment affirmed. Rule 84.16(b).